COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

EDWARD C. PEMBELTON

                                    MEMORANDUM OPINION*
v.        Record No. 1531-96-2          PER CURIAM
                                     DECEMBER 17, 1996
CHARLOTTE B. PEMBELTON

                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Theodore J. Markow, Judge

                (Thomas O. Bondurant, Jr.; Bondurant &
                Benson, on brief), for appellant.

                (Timothy R. Spencer, on brief), for appellee.


     Edward C. Pembelton (husband) appeals the decision of the
circuit court awarding Charlotte B. Pembelton (wife) $14,000 as
her interest in property titled solely in husband's name.
Husband contends that the trial court erred in equitably dividing
the property, which he owned prior to the marriage.  Husband also
contends that, even if some award to wife was justified, the
evidence did not support an award of $14,000.  Wife seeks
attorney's fees related to this appeal.  Upon reviewing the
record and briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the decision of
the trial court.  Rule 5A:27.

     Husband asserts that the marital home was his separate
property, as it was property acquired by him prior to the

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

marriage, and that the trial court erred in classifying it as part marital and part separate.  Code § 20-107.3(A)(1)(i).  The court found that, with the exception of the first four years of the marriage when wife completed college, both parties had worked and contributed to a joint account from which the mortgage was paid.  The parties had retained the home throughout a temporary move to Pennsylvania.  Proceeds from the sale of the Pennsylvania home were used to build a $5,000 addition to the marital home.  The home's value was $65,000, with $56,000 in equity.

The trial court found the home to be "an asset that derives value from commingled marital and separate property" but that husband failed to present evidence of the separate pre-marital value.  Therefore, the court found that "the equity in the home is marital property as it has been created by the contributions of the parties mostly during the marriage."

The court's findings are supported by the statute and the evidence.  "In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases . . . ."  Code § 20-107.3(A)(3)(a).  Once wife established that there were contributions of marital property or personal effort and that the home increased in value, husband bore the burden to prove the increased value was not the result of contributions of marital property.  Id.

2

The marital home comprised the largest asset of the entire marital estate, which was valued at $56,550. Husband was awarded seventy-five percent of its equity, or $42,450. We cannot say the trial court erred in awarding wife $14,000 as her share of the marital estate.

We deny wife's request for attorney's fees related to this appeal.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>